## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **CHRISTOPHER LYNN and COURTNEY LYNN,** ) <br> **On behalf of themselves and all others** ) <br> **similarly situated,** ) <br> )     **1:20-cv-00823** <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **ONEMAIN FINANCIAL GROUP, LLC,** ) <br> ) <br> **Defendant.** ) | |

## CLASS ACTION COMPLAINT

NOW COME the Plaintiffs, CHRISTOPHER LYNN and COURTNEY LYNN, by and through their attorneys, SMITHMARCO, P.C., suing on behalf of each of themselves and all other similarly situated, and for his complaint against the Defendant, ONEMAIN FINANCIAL GROUP, LLC, Plaintiffs state as follows:

### I.   PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      CHRISTOPHER LYNN and COURTNEY LYNN, (hereinafter, "Plaintiffs") are each individuals and a married couple who were at all relevant times residing in the City of Indianapolis, County of Marion, State of Indiana.

5.      At all relevant times, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.      ONEMAIN FINANCIAL GROUP, LLC, (hereinafter, "Defendant") is a business entity engaged in providing consumer financing and other lending services within the State of Indiana.  Defendant's principal place of business is located in the State of Indiana.   Defendant is incorporated in the State of Indiana.

7.      At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV.   ALLEGATIONS

8.      Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.      On or about December 19, 2018, Plaintiffs jointly filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Southern District of Indiana, commencing bankruptcy case number 18-09426-JMC-7.

10.     At the time Plaintiffs filed his bankruptcy petition, they jointly owed a debt to Defendant.  The debt was for an outstanding balance that remained on a credit card Plaintiffs both possessed on a single joint account.

11.     Plaintiffs scheduled the aforementioned debt in their bankruptcy petition as an unsecured debt.

12.     At the time Plaintiffs filed their bankruptcy petition, they owed no other debt to Defendant.

13.     At the time Plaintiffs filed their bankruptcy petition, they had no other accounts with Defendant.

14.     On or about March 19, 2019, the United Stated Bankruptcy Court for the Southern District of Indiana entered an order discharging Plaintiffs, thereby extinguishing their liability for the aforementioned debt owed to Defendant.

15.     On or about March 21, 2019, The United Stated Bankruptcy Court for the Southern District of Indiana served a Certificate of Notice on Defendant, which included a copy of Plaintiffs' Order of Discharge.

16.     At no time since March 19, 2019 have Plaintiffs owed any debt to Defendant.

17.     At no time since March 19, 2019 have Plaintiffs had any accounts open with Defendant.

18.     At no time since March 19, 2019 have Plaintiffs had any personal credit account with Defendant or any creditor for whom Defendant collects.

19.     At no time since March 19, 2019 have Plaintiffs had any personal business relationship with Defendant.

20.     Given the facts delineated above, at no time since March 19, 2019 has Defendant had any information in its possession to suggest that Plaintiffs owed a debt to Defendant.

21.     Given the facts delineated above, at no time since March 19, 2019 has Defendant had any information in its possession to suggest that Plaintiffs were responsible to pay a debt to Defendant.

22.     On or about April 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed both of Plaintiffs' individual and personal credit file from Experian Information Solutions, LLC., a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

23.     At no time on or prior to April 4, 2019 did Plaintiffs consent to Defendant accessing their individual and personal credit reports.

24.     On or about April 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed each of Plaintiffs' individual and personal credit report without a legitimate business reason to do so.

25.     On or about April 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiffs' individual and personal credit reports impermissibly.

26.     On or about April 4, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiffs' individual and personal credit report without first informing Plaintiffs of its intent to do so.

27.     On or about April 4, 2019, at the time Defendant accessed Plaintiffs' individual and personal credit reports, Defendant reviewed Plaintiffs' private information.

28.     On or about April 4, 2019, at the time Defendant accessed Plaintiffs' individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiffs' personal and individual credit accounts.

29.     On or about April 4, 2019, at the time Defendant accessed Plaintiffs' individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiffs' payment history on their individual credit accounts.

30.     On or about April 4, 2019, at the time Defendant accessed Plaintiffs' individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiffs' credit history and credit worthiness.

31.     On or about April 4, 2019, at the time Defendant accessed Plaintiffs' individual and personal credit reports, Plaintiffs' private financial information was published to Defendant.

32.     On or about April 4, 2019, at the time Defendant accessed Plaintiffs' individual and personal credit reports, unknown employees, representative and/or agents of Defendant viewed Plaintiffs' private financial information.

33.     On or about April 4, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Plaintiffs' personal information, as delineated above, was published to Defendant.

34.     Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

35.     As a result of Defendant's conduct, as delineated above, Plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of their personal information and their credit information and an injury to their reputation. Furthermore, Plaintiffs will continue to suffer the same harm for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

## I.     V. CLASS ALLEGATIONS

36.      Plaintiffs bring this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37.     The aforementioned class of individuals is defined as all persons about whom, during the two (2) year period prior to the filing of this Complaint, Defendant obtained a consumer report after that consumer had obtained a bankruptcy discharge of any obligation such consumer owed to Defendant (hereinafter, the "Class").

38.     The Class is so numerous that joinder of all members is impractical.  Upon information and belief, Defendant has accessed hundreds, possibly thousands, of consumer reports after such consumers had obtained a bankruptcy discharge of any obligation such consumers owed to Defendant.

39.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  The principal question at issue is whether Defendant violated the FCRA by accessing Class members' consumer reports without a permissible purpose during the applicable time period as alleged.

40.     Plaintiffs' claims are typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

41.     There are no individual questions of fact, other than whether a Class member authorized a review of his or her consumer report, which can be determined by a ministerial inspection of Defendant's records.

42.     Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs are committed to vigorously prosecuting this matter and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiffs nor counsel for Plaintiffs have any interests that might cause them to not vigorously pursue this claim.

43.     This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a substantial risk of inconsistent or

varying adjudications with respect to individual Class members.  Such a result would establish incompatible standards of conduct for the parties opposing the Class.  Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

44.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The identities of individual Class members may be easily obtained from Defendant's records.

## V.     JURY DEMAND

45.     Plaintiffs hereby demand a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, CHRISTOPHER LYNN and COURTNEY LYNN, by and through their attorneys, respectfully prays for order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class; that judgment be entered for Plaintiffs and the Class against Defendant for statutory and punitive damages for violation of 15 U.S.C. §1681b, pursuant to 15 U.S.C. § 1681n; that judgment be entered for Plaintiffs and the Class against Defendant for actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**CHRISTOPHER LYNN and
COURTNEY LYNN**


By:    s/ David M. Marco
       Attorney for Plaintiffs


Dated: March 13, 2020


David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com